IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cr-30141-SMY |
| | ) |
| DAVID MONTALVO, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Pending before the Court are Defendant David Montalvo's Motions for Copying (Docs. 33, 38). Montalvo's first motion simply states, "Also can I have a copy of my docket sheet" (Doc. 33, p. 1). In his second motion, Montalvo notes that "[He] filed a 2255 motion almost 2 yrs [sic] ago," and states, "I don't get enough to pay for sentencing transcripts and docket sheets. ("I already got the docket sheet") But I need sentencing transcripts . . . . Can I get sentencing transcripts please. Can I get the updated docket" (Doc. 38, p. 1).

Defendants have no constitutional right to a complimentary copy of any document in their court files. See, *United States v. Groce,* 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). For that reason, before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.,* through his trial and appellate counsel); (2) that he is financially unable to secure access to his court files (*i.e.,* through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing); and (3) that the documents requested are necessary for some specific non-frivolous court action. See, *United States v. Wilkinson,* 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States,* 559 F.2d 455, 459 (7th

Cir. 1977); *Groce,* 838 F. Supp. at 413-14.  These minimal requirements do not impose a substantial burden on prisoners who desire their records be sent to them at government expense.

Montalvo makes no mention of exhausting other means of access to his file. He states that he is financially indigent but fails to attach a certified copy of his prisoner's trust account.  Finally, although he states that he wishes to pursue relief under 28 U.S.C. § 2255, he also states that he has already filed a petition and is awaiting a ruling – he does not state that he wishes to have these documents copied for a future petition.

For the foregoing reasons, Defendant's Motions for Copying (Docs. 33, 38) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  June 30, 2022**

**STACI M. YANDLE**
**United States District Judge**